# Walker *v.* The State.

### Indictment for Rape.

*Oath of petit jury.* — Where the jury in a criminal case are sworn " well and truly to try the issue joined between the State of Alabama and the prisoner at the bar, and a true verdict to render according to the law and the evidence," this is a substantial compliance with the statutory oath (Rev. Code, § 4092).

[Burns *v.* State.]

FROM the City Court of Mobile.
Tried before the Hon. C. F. MOULTON.

POSEY & TOMPKINS, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

B. F. SAFFOLD, J. — The defendant was convicted under an indictment for rape. There is no bill of exceptions. On examination of the transcript, we find but one matter about which there can be any question. The petit jury was sworn to " well and truly try the issue joined between the State of Alabama and the prisoner at the bar, and a true verdict to render according to the law. and the evidence." The exact form of the oath, which ought to be administered to the jury in criminal cases, is that prescribed in R. C. § 4092: " You do solemnly swear that you will well and truly try all issues, and execute all writs of inquiry which may be submitted to you during the present term" (or week, as the case may be), " and true verdicts render according to the evidence ; so help you God." The sum of our decisions, on the question of error in swearing the jury, is, that the correct oath will be presumed to have been administered when it appears that the jury was sworn, unless it also appears that one substantially different or defective was administered. *Bill Gardner* v. *The State*, at the June Term, 1872. As this was a capital case, to be tried by a special jury, the only issue to come before it was one between the State and the accused. There is as much propriety in confining the oath to the day, or the particular case, as in varying the term to the week, which the statute authorizes when the circumstances indicate it.

The judgment is affirmed.